IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE | : | Chapter 11 |
| | : | |
| GARDEN RIDGE CORPORATION, *et al.*, | : | Bankr. No. 04-10324 (KJC) |
| | : | |
| Debtors. | : | Jointly Administered |
| -------------------------------------------------- | : | |
| | : | |
| PETER CHRISTIAN ROPER | : | |
| | : | |
| Appellant, | : | C.A. Nos. 06-555-GMS, 06-723-GMS |
| | : | |
| v. | : | |
| | : | |
| GARDEN RIDGE CORPORATION, *et al.*, | : | |
| | : | |
| Appellees. | : | |
| -------------------------------------------------- | : | |

**MEMORANDUM**

**I. INTRODUCTION**

Presently before the court is Garden Ridge Corporation, *et al.*'s[1] (collectively, the "Debtors") motion (1) to dismiss the above-captioned appeals (the "Appeals") filed by Peter Christian Roper ("Roper") as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(b), and (2) for an award of damages pursuant to Appellate Rule 38 and Bankruptcy Rule 8020. For the reasons that follow, the court will grant the Debtors' motion.[2]

---

[1] The appellees to this appeal are: Garden Ridge Corporation, Garden Ridge, L.P., Garden Ridge Management, Inc., Garden Ridge Finance Corporation, Garden Ridge Investments, Inc., and Garden Ridge Holdings, Inc.

[2] In addition, the court will deny Roper's request for a jury trial pursuant to the Seventh Amendment of the U.S. Constitution. (D.I. 10.) Indeed, a jury trial is neither appropriate nor required under the facts and circumstances presented in this case. *See, e.g., Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1250 (3d Cir. 1994) (citations omitted) (ruling that a "creditor who submits a proof of claim against the bankruptcy estate has no right to a jury trial on

## II. BACKGROUND

The Debtors own and operate a home decor retailer with 36 stores in 13 states throughout the South, Midwest, and Mid-Atlantic regions of the United States. (D.I. 4 at 2.) On February 2, 2004, the Debtors filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").[3] (*Id.*) The Debtors filed their joint plan of reorganization under chapter 11 of the Bankruptcy Code in this case on March 29, 2005. (*Id.* at 5.) The Bankruptcy Court confirmed the Debtors' reorganization plan on April 28, 2005. The effective date of the reorganization plan was May 12, 2005. (*Id.*)

On May 19, 2005, Roper filed a proof of claim against the bankruptcy estate that included an unsecured priority claim in the amount of $10 million and an unsecured, non-priority claim in the amount of $4 billion (the "Claim"). (D.I. 4 at 7.) On January 18, 2006, the Debtors filed their objection to Roper's Claim. (*Id.*) In their objection, the Debtors argued that the Claim should be disallowed and expunged on the grounds that: (1) it was improperly filed after the general bar date;[4] and (2) it provided no supporting documentation -- in contravention of Bankruptcy Rule 3001(c). (*Id.*) After considering Roper's Claim and the Debtors' objection, on February 17, 2006, the Bankruptcy Court entered an order sustaining the Debtors' objection to Roper's Claim (the "February 17 Order"). (*Id.*)

On March 20, 2006, Roper filed a motion for reconsideration of the February 17 Order and

---

issues raised in defense of such a claim").

[3] Garden Ridge Holdings, Inc. separately filed its voluntary chapter 11 petition in the Bankruptcy Court on February 4, 2004.

[4] According to the Bankruptcy Court's March 1, 2004 Order, the general bar date for filing proofs of claims was April 19, 2004. (D.I. 4 at 3.)

2

his first notice of appeal (the "06-555-GMS Appeal").[5] (D.I. 4 at 9.) On August 31, 2006, the Bankruptcy Court entered an order denying Roper's motion for reconsideration (the "August 31 Order").[6] (*Id.*) On September 11, 2006, Roper filed a second notice of appeal, this time from the Bankruptcy Court's August 31 Order denying his motion for reconsideration (the "06-723-GMS Appeal").[7] (*Id.*) On December 29, 2006, the Debtors' filed the instant motion to dismiss both the 06-555-GMS Appeal and the 06-723-GMS Appeal.[8] (D.I. 3.)

## III. THE PARTIES' CONTENTIONS

The Debtors contend that the 06-555-GMS Appeal and the 06-723-GMS Appeal should be dismissed as frivolous and malicious because, among other things, Roper has: (1) failed to make any intelligible assertion of liability against them; (2) failed to supplement his claims with any tangible assertion of liability; and (3) failed to comply with the appellate rules in prosecuting these Appeals. The Debtors argue that these Appeals are wholly without merit, insofar as they lack any arguable basis in either fact or law. In addition, the Debtors contend that Roper filed both of these Appeals well after the ten-day period mandated by Bankruptcy Rule 8002(a). The Debtors further contend that Roper failed to file a designation of the items to be included in the record on appeal and a statement of the issues to be presented as required by Bankruptcy Rule 8006.

---

[5] That appeal is pending before this court as C.A. No. 06-555-GMS.

[6] The court denied the motion because, among other things, Roper failed to appear for any of the three scheduled hearings on the motion. He also failed to present any evidence to the court in support of the motion.

[7] That appeal is pending before this court as C.A. No. 06-723-GMS.

[8] The 06-555-GMS Appeal and the 06-723-GMS Appeal together constitute the instant "Appeals" that are the subject of Debtors' motion to dismiss.

On the other hand, instead of responding to any of the issues or contentions raised by the Debtors' motion to dismiss, Roper filed an "Answering Brief in Opposition" (D.I. 9), which appears to be comprised of nothing more than "cut and paste" documents and handwritten notations on pleadings copied from some other federal lawsuit filed by Roper in another district. (*See* D.I. 11 at 3 n.2.)

## IV. LEGAL STANDARD

When a litigant proceeds *in forma pauperis*, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Specifically, Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[9] Likewise, a complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *see also Banks v. Gillie*, No. 03-3098, 2004 U.S. Dist. LEXIS 5413, at *9 (E.D. La. Feb. 26, 2004) (holding that "duplicative and repetitive" complaints are considered malicious for purposes of 28 U.S.C. § 1915); *McGill v. Juanita Kraft Postal Serv.*, No. 3:03-CV-1113-K, 2003 U.S. Dist. LEXIS 9636, at *2 (N.D. Tex. June 6, 2003) (concluding that a complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff'") (quoting *Pittman v. Moore*, 980 F.2d at 994-95).

---

[9] *See also Quiroga v. Hasbro, Inc.*, 943 F.2d 346, 347 (3d Cir. 1991) (citation omitted) ("An appeal is frivolous if it is wholly without merit.")

Nonetheless, *pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotations omitted). A *pro se* litigant, however, is not shielded from liability for filing a frivolous appeal. *See Kuntz v. Saul Ewing*, et al., 200 B.R. 101, 107 (D. Del. 1996). Moreover, an award of damages is appropriate where an appeal is frivolous. *See PDM Enterprises, Inc. v. Cape May Foods, Inc.*, 301 F.3d 147, 152 (3d Cir. 2002).

## V.   DISCUSSION

Here, after having considered the record on appeal, the parties' submissions, and the applicable law, the court finds that Roper's Appeals are both frivolous and malicious, as defined in the context of 28 U.S.C. § 1915, and that an award of damages is appropriate.

The Appeals at issue in this case are, indeed, frivolous. First, to the court's frustration, Roper's papers are largely incomprehensible. Even construing his papers liberally, the court is unable to discern under what theories or legal basis he attempts to proceed. His submissions appear to be "cut and paste" documents from other lawsuits, which contain a number of handwritten notations, errant markings, and "whited-out" typewritten sections from other, unrelated pleadings. Second, Roper fails to provide the court with any evidence or documentation to support his claims, or that in some way demonstrate any liability owed to him by the Debtors. There is simply no cognizable legal basis under which Roper can prevail.[10] These Appeals are, therefore, frivolous and

---

[10] Further, the court is satisfied that these Appeals should also be dismissed on procedural grounds, since it is undisputed that: (1) Roper filed them well after the ten-day period mandated by Bankruptcy Rule 8002(a); and (2) he failed to file a designation of the items to be included in the record on appeal and a statement of the issues to be presented as required by Bankruptcy Rule 8006.

must be dismissed.

Likewise, these Appeals are malicious under 28 U.S.C. § 1915 because, among other things, they are "duplicative and repetitive" of non-meritorious allegations that Roper has raised in another federal lawsuit. *See Banks v. Gillie*, 2004 U.S. Dist. LEXIS 5413, at *9; *see also Jungle Democracy v. United States*, No. 06-503-SLR, 2006 U.S. Dist. LEXIS 65313, at **6-7 (D. Del. Sept. 12, 2006) (same). Indeed, it appears that Roper's claims here are largely "cut and paste" copies of documents and/or excerpts from pleadings that he originally (and unsuccessfully) filed in a prior suit he brought in the Central District of California back in 2004.[11]

Accordingly, the court finds that Roper's Appeals in this case are both frivolous and malicious. The court further finds that an award of damages is appropriate in this case.[12]

## VI. CONCLUSION

For the foregoing reasons, the court will grant the Debtors' motion to dismiss the above-captioned Appeals with prejudice.

Dated: January 9, 2009

CHIEF UNITED STATES DISTRICT JUDGE

---

[11] *See Roper v. Jo-Ann Stores, Inc.*, No. 04-CV-09654, 2005 U.S. Dist. LEXIS 44362 (C.D. Cal. May 6, 2005). Following Roper's appeal of the C.D. Cal.'s decision, the Federal Circuit determined that Roper's claims which, as far as this court can tell, are nearly identical to the claims he attempts to assert here against the Debtors, were "without merit." *See Roper v. Jo-Ann Stores, Inc.*, 211 Fed. Appx. 950, 952 (Fed. Cir. 2007).

[12] The court will permit the Debtors to file, within five (5) days of the docketing of this Memorandum and Order, an itemized application for reasonable attorneys' fees and expenses, which delineates the actual hours expended, the expenses incurred, and the specific tasks performed by Debtors' counsel in connection with these Appeals. Roper will, likewise, be permitted to file a response to the Debtors' itemized application within five (5) days from the date of service of Debtors' submission.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE | : | Chapter 11 |
| | : | |
| GARDEN RIDGE CORPORATION, *et al.*, | : | Bankr. No. 04-10324 (KJC) |
| | : | |
| Debtors. | : | Jointly Administered |
| -------------------------------------------------- | : | |
| | : | |
| PETER CHRISTIAN ROPER | : | |
| | : | |
| Appellant, | : | C.A. Nos. 06-555-GMS, 06-723-GMS |
| | : | |
| v. | : | |
| | : | |
| GARDEN RIDGE CORPORATION, *et al.*, | : | |
| | : | |
| Appellees. | : | |
| -------------------------------------------------- | : | |

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED THAT:

1. The Debtors' Motion to Dismiss (D.I. 3) the 06-555-GMS Appeal and the 06-723-GMS Appeal is GRANTED;

2. The 06-555-GMS Appeal and the 06-723-GMS Appeal are DISMISSED with prejudice; and

3. Appellant's request for a jury trial (D.I. 10) is DENIED with prejudice.

Dated: January 9, 2009

CHIEF, UNITED STATES DISTRICT JUDGE